**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Ennis R. Patterson,** | ) | **CASE NO. 1:18 CV 738** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Prosecutors of Cuyahoga County, Ohio** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

## INTRODUCTION

This matter is before the Court upon the Motion of Defendants Prosecutors of Cuyahoga County, Ohio ("Prosecutors") to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). Doc. 8. *Pro se* Plaintiff Ennis Patterson ("Patterson") opposed the motion. Doc. 10. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

### State Court Proceedings

This action arises from Plaintiff's convictions in the Cuyahoga County Court of Common Pleas (No. CR-16-606673-A) for one count of gross sexual imposition with a sexually violent predator specification, and one count of kidnapping with a sexual motivation specification and a sexually violent predator specification, for which he was sentenced to twenty years to life in prison. *See* Doc. 8-1 at 1-2; *State v. Patterson*, 99 N.E.3d 970, 972-74 (Ohio Ct.

App. 2017).[1] Patterson appealed his convictions in Ohio's Eighth District Court of Appeals raising two assignments of error: (1) his convictions were against the manifest weight of the evidence, and (2) he was denied his right to effective assistance of counsel. *Id.* at 972. The court of appeals overruled both and affirmed Patterson's convictions. *Id*. at 980. Patterson sought post-conviction relief. *See* Doc. 1 at 1; Doc. 10 at 4.

### **Patterson's Five "Complaints"**

Patterson has filed a total of five complaints and amendments thereto (collectively "Complaint") against "Prosecutors of Cuyahoga County,"[2] all but the last being entitled: "Unscrupulous Sociopathic Prosecutors of Cuyahoga County, Ohio." *See* Doc. 1, 5, 6, 7, 9. While Patterson identifies these five documents as complaints and amendments, none of the four documents filed after the original complaint supersede or replace that document, but rather supplement prior allegations and add new ones. Plaintiff did not seek leave of Court to file any of documents following his original complaint, and Defendants did not consent to the filing of these additional documents. *See* Doc. 8 at 3 n.4. All five documents consist of rhetoric calling his state court convictions, and the appellate process, into doubt.

In his original complaint (Doc. 1), Patterson lists six of the "<u>numerous</u> lies and fabrications" that he claims were contained in the State of Ohio's appellate brief, including *Brady*, Sixth Amendment, prosecutorial misconduct, and evidentiary issues. *See* Doc. 1 at 2-5 (emphasis in original). Patterson does not specify the basis for the Court's jurisdiction or the

---

[1] Federal courts may take judicial notice of state court proceedings. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

[2] The Complaints generically refer to Defendants as "Prosecutors," but some of the allegations raised by Plaintiff in the Complaints specifically identify Cuyahoga County prosecutors Ronni Ducoff, Ashley Kilbane, and Anthony Miranda.

-2-

relief he seeks.

On April 18, 2018, Patterson filed a second "complaint" (Doc. 5) that purports to supplement his first complaint with respect to two of the issues raised therein, and adds three additional issues concerning alleged prosecutorial misconduct. *See* Doc. 5 at 1-3. In this second complaint, Patterson does not state the basis for the Court's jurisdiction, but seeks $2,700,000.00 in damages. *Id*. at 3.

On May 21, 2018, Patterson filed a third "complaint" (Doc. 6), which supplements the nine issues raised in the two prior complaints. Doc. No. 6 at 1-3. Patterson's third complaint does not state the basis for the Court's jurisdiction, but reasserts his claim for relief of $2,700,000.00 in damages. *Id*. at 3.

On May 30, 2018, Patterson filed a fourth "complaint" (identified as an amendment) (Doc. 7), which supplements the issues raised in the three prior complaints and adds a new tenth issue concerning the Prosecutors' improper use of evidence to "further their agenda." Doc. 7 at 1-2. Patterson's fourth complaint does not state the basis for the Court's jurisdiction or assert a claim for relief.

For his fifth "complaint" (identified as an amendment) (Doc. 9), filed after Defendants moved to dismiss complaints one through four, Patterson adds a new issue eleven raising additional examples of purported prosecutorial misconduct with respect to evidentiary issues and the Prosecutors' conduct at trial and on appeal. Doc. 9 at 1-2. Patterson's fifth complaint does not state the basis for the Court's jurisdiction or assert a claim for relief.

The Court will collectively refer to these documents as the Complaint.

**Prosecutors' Motion to Dismiss**

In the motion, Prosecutors contend that Patterson's complaints one through four should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. With respect to Rule 12(b)(1), Prosecutors argue that: (1) Patterson's complaints do not satisfy the requirement of Fed. R. Civ. P. 8(a)(1) that the pleading contain "a short and plain statement of the grounds for the court's jurisdiction," nor contain any plausible grounds upon which the Court may exercise original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 or 1332; and (2) the Rooker-Feldman doctrine prevents federal district courts from reviewing the judgment of Patterson's state court criminal proceeding. Doc. 8-1 at 4-5.

With respect to Rule 12(b)(6), Defendants argue that Plaintiff's first four complaints fail to state a claim upon which relief can be granted because: (1) the allegations concerning his state court criminal proceedings do not provide plausible grounds for recovery even if those issues were construed to assert civil rights violations pursuant to 42 U.S.C. § 1983; (2) he does not state a cognizable claim for damages under § 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) he does not plead any facts to suggest that any deprivation of civil rights was based upon an official custom or policy pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); and (4) the Prosecutors are immune from suit in their individual capacity with respect to their activities associated with the initiation and prosecution of the State of Ohio's case against Patterson. *Id*. at 6-7.

In opposition, Patterson contends that the documents attached to his pleadings support his allegations issue by issue, demonstrate blatant prosecutorial misconduct and violation of

*Brady*[3] and Plaintiff's constitutional rights under the Fourteenth Amendment, and are sufficient to raise federal question jurisdiction under 28 U.S.C. § 1331 and to state a claim for relief. In his opposition, Plaintiff states that he seeks damages for withholding evidence, pain and suffering, malicious prosecution, defamation, and any other damages to which he may be entitled. *See* Doc. 10 at 1-7.

## DISCUSSION

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (pro se complaints are entitled to liberal construction) (citations omitted). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). In analyzing the Prosecutors' motion to dismiss, the Court will liberally construe the Complaint in Patterson's favor.

### Rule 12(b)(1)

Federal Rule 12(b)(1) allows for dismissal of a complaint for lack of jurisdiction over the subject matter of the complaint. The burden is on Plaintiff to establish subject matter jurisdiction in order to survive Defendants' motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citations omitted). Generally, federal courts have

---

[3] In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held that the suppression of material evidence by the prosecution favorable to the accused violates due process.

authority to hear a case only when diversity of citizenship exists between parties,[4] or when the case raises a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1982).

Plaintiff argues that his claims that the Defendants violated his constitutional rights are sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that Plaintiff's right to relief necessarily depend on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

The Defendants are correct that Patterson's complaint does not specifically assert the basis for the Court's jurisdiction, and Fed. R. Civ. P. 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction."[5] However, liberally construing Patterson's Complaint, he is alleging that the Prosecutors violated his federal constitutional rights in connection with respect to his state criminal proceedings. Section 1983 provides for a cause of action against state actors for violation of an individual's constitutional rights. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (To establish a § 1983 claim, a plaintiff

---

[4] To establish diversity of citizenship pursuant to 28 U.S.C. § 1332, Plaintiff must show that he is a citizen of one state and all of the Defendants are citizens of another state. Plaintiff does not allege, nor can the Court reasonably infer from the Complaint's allegations, that complete diversity exists in this case.

[5] Defendants also argue that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine stands for the proposition that federal district courts lack subject matter jurisdiction over complaints concerning injuries caused by a state court judgment and inviting review and rejection of that judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Pursuant to 28 U.S.C. § 1257(a), only the United States Supreme Court has jurisdiction to review state court decisions. *See id.* at 292. Where "federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (citing *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998)).

        Plaintiff argues in opposition to the motion that *Rooker-Feldman* does not bar this case because there is no final judgment with respect to his post-conviction relief proceedings. Doc. 10 at 4. Even if *Rooker-Feldman* does not bar this Court's jurisdiction, Defendants' motion will nevertheless be granted because the Complaint fails to state a claim.

must show that he was deprived of a federal right by a person acting under color of state law.) (citation omitted).

### Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Defendants bear the burden of showing that no claim exists, but in order to survive the motion, the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Fed. R. Civ. P. 8(a)(2) requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." That said, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). While specific facts are not necessary, the statement required by Rule 8(a)(2) must give the defendant fair notice of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Even assuming for the purpose of this analysis that Plaintiff asserts a § 1983 claim against Defendants, the Court concludes that the Complaint fails to state a claim upon which relief can be granted.

### *Patterson fails to state a § 1983 claim against unspecified prosecutors*

A "critical aspect" of a § 1983 claim against a state actor is that Plaintiff must demonstrate each defendant personally committed the conduct that forms the basis of the alleged unconstitutional behavior. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). Although not named in the caption, certain allegations in the Complaint identify Ronni Ducoff, Ashley Kilbane, and Anthony Miranda as the assistant Cuyahoga County prosecutors responsible for certain alleged constitutional violations. With respect to other alleged constitutional violations, Patterson refers generically to "prosecutors" or "prosecution."

To the extent that Patterson's allegations fail to identify a specific Cuyahoga County prosecutor, he fails to state a claim upon which relief can be granted under § 1983 as to those alleged constitutional violations. But even if the actions of unspecified prosecutors were attributable to one of the prosecutors named in the Complaint, Patterson would still fail to state a claim for the reasons that follow.

### *Prosecutors are immune from suit in their individual capacity*

The crux of Patterson's claims is that alleged prosecutorial misconduct in connection with his state criminal proceedings violated his constitutional rights, and he seeks damages. Patterson does not indicate whether the Prosecutors are sued in their individual or official capacities.

To the extent that Patterson sues the Prosecutors in their individual capacities, he fails to state a claim against them. Prosecutors are absolutely immune from personal liability in a § 1983 action for initiating a prosecution and presenting the State's case, and for all activities

undertaken in connection with the duties of a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) (citing *Imbler*, 424 U.S. at 431). This is so in order to free prosecutors to exercise their professional judgment in deciding whether and how to bring a suit in court without fear of personal liability as a consequence. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citations omitted). Prosecutorial immunity applies even when a prosecutor acts wrongfully or maliciously as long as the activity at issue is undertaken in connection with prosecutorial duties. *See Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) (prosecutor immune for suit for allegedly conspiring to present false charges to the grand jury); *Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997) (prosecutors alleged improper motives do not defeat prosecutorial immunity).

Plaintiff named the Defendants in this case because of their alleged actions in connection with prosecuting him on criminal charges in state court and judicial proceedings related thereto. He does not allege any facts that plausibly negate the applicability of prosecutorial immunity to this matter. Accordingly, Defendants are immune from suit and Patterson fails to state a claim against them in their individual capacities.

### ***Patterson fails to state a claim against Prosecutors in their official capacity***

Patterson also fails to state a claim upon which relief can be granted to the extent that he sues the Prosecutors in their official capacities. Official capacity claims against the Cuyahoga County Prosecutors are the equivalent of litigation against Cuyahoga County. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Local governments are not subject to suit under § 1983 unless the government implements or executes a policy, statement, ordinance, regulation, or decision officially adopted by the government, and the execution of

that policy or custom caused the alleged constitutional injury. *Monell*, 436 U.S. at 690, 694.

Patterson's complaint does not assert any facts from which the Court could infer that Defendants allegedly deprived him of his constitutional rights based upon some custom or policy of Cuyahoga County. Accordingly, Plaintiff fails to state a § 1983 claim against the Prosecutors in their official capacity.

### *Patterson fails to state a cognizable § 1983 claim*

Patterson fails to state a claim upon which relief can be granted for the additional reason that his § 1983 claims are not cognizable.

In *Heck v. Humphrey*, the United States Supreme Court held that:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (footnotes omitted).

The Complaint raises constitutional and other issues that call into question his state court convictions and the decision by the Eighth District Court of Appeals affirming those convictions. Plaintiff's convictions have not been invalidated by a state court, nor have those convictions been called into doubt by a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, whether he seeks damages or equitable relief, Patterson's § 1983 claims are not

cognizable pursuant to *Heck*. *Id*.; *Wilson v. Kinkela*, 145 F.3d 1335 (6th Cir. 1998) (Table) (the holding of *Heck* applies whether plaintiff seeks monetary or injunctive relief) (citing *Edwards v. Balisok*, 560 U.S. 641, 646 (1997); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam)).

For all of the foregoing reasons, Defendants' motion to dismiss is granted.

### 28 U.S.C. § 1915

Patterson's fifth complaint was filed after Defendants moved to dismiss Plaintiff's first four complaints. In this fifth pleading, Plaintiff introduces "Issue Eleven" wherein he again raises allegations concerning the Prosecutors' conduct at trial and on appeal. Doc. 9.

Patterson seeks to proceed with this action *in forma pauperis*. Doc. 4. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review all *in forma pauperis* actions, and to dismiss before service any complaint that the Court determines is frivolous, malicious, fails to state a claim for relief upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In order to withstand scrutiny under § 1915(e)(2)(B), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. at 471 (holding that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissal for failure to state a claim under § 1915(e)(2)(B)) (quoting *Iqbal*, 556 U.S. at 678).

The same analysis upon which the Court granted Defendants' motion to dismiss also applies to Plaintiff's fifth pleading filed after the motion to dismiss. Accordingly, Patterson's fifth "amended complaint" is dismissed pursuant to § 1915(e)(2)(B)).

### State Law Claims

-11-

To the extent that Plaintiff asserts state law claims including pain and suffering, malicious prosecution, and defamation, the Court declines to exercise supplemental jurisdiction over those claims. The Court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367(c). That statute contains an express provision permitting the Court to decline supplemental jurisdiction over state law claims when the Court has dismissed all of the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(3). Even liberally construed, the Court has concluded that the Complaint fails to state a claim upon which relief can be granted with respect to any federal claims Plaintiff may have asserted. Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claim asserted by Patterson, and those claims are dismissed without prejudice.

**CONCLUSION**

For all of the foregoing reasons, Defendants' motion to dismiss is GRANTED (Doc. 8), and this case is DISMISSED in its entirely. Plaintiff's state law claims are dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 8/20/18